# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40576
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE A DUARTE, also known as El Hondureno

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-926-14

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jorge A. Duarte pleaded guilty and was convicted of conspiracy to possess with the intent to distribute marijuana. The district court sentenced him to 70 months of imprisonment, four years of supervised release, and a $100 special assessment.

Duarte argues that he was wrongly denied a downward adjustment for his minor or minimal role in the offense. The advisory Sentencing Guidelines provide for a reduction in the base offense level of a "minor" or a "minimal"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

participant. U.S.S.G. § 3B1.2. To merit a reduction under § 3B1.2, the defendant must have been "substantially less culpable" than the average participant. § 3B1.2, comment. (n.3(A)). "The defendant bears the burden of establishing that he is eligible for the adjustment." United States v. Partida, 385 F.3d 546, 566 (5th Cir. 2004).

The presentence report indicates that Duarte was one of many lower-level participants in a drug trafficking organization. He participated for an extended period of time in activities such as conducting counter-surveillance to monitor law enforcement activity, driving loads of marijuana, and general loading and unloading of marijuana. Duarte has not shown that he is substantially less culpable than the average participant in the conspiracy, given that there were many lower-level participants such as himself. See § 3B1.2, comment. (n.3(A)). He has also not shown that his participation was "peripheral to the advancement of the illicit activity" or that his participation was not "critical to the offense." United States v. Villanueva, 408 F.3d 193, 204 (5th Cir. 2005); United States v. Tremelling, 43 F.3d 148, 153 (5th Cir. 1995). We find no reversible error in the district court's denial of a reduction under § 3B1.2.

AFFIRMED.